IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JIM DECKER, ELLA DUKE-BAXTER, and MAXINE BARNEY,<br><br>Plaintiffs,<br><br>vs.<br><br>UTAH STATE REPUBLICAN BOSS HOGS, MARK TOWNER, HONORABLE SANDRA PEULER,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT<br><br><br><br>Case No. 2:06-CV-396 TS |

This matter is before the Court for review of the Complaint. Plaintiffs are proceeding pro se and *in forma pauperis*. Because Plaintiffs were granted permission to proceed *in forma pauperis*, the provisions of the *in forma pauperis* statute, § 1915,[1] are applicable. Under §1915 the Court shall, at any time, sua sponte dismiss the case if the Court determines that the Complaint is frivolous or fails to state a claim upon which relief may be granted.[2] A claim is frivolous if it "lacks an arguable basis either in law or in fact."[3] The

---

[1] 28 U.S.C. § 1915.

[2] 28 U.S.C. § 1915(e)(2).

[3] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Court reviews the Complaint to determine if it is sufficient to state a claim upon which relief can be granted. In construing the Complaint, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff"[4] and will not dismiss a Complaint for failure to state a claim "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5] But "conclusory allegations without supporting factual averments are" not sufficient.[6]

Because Plaintiffs proceed pro se, the Court must construe their pleadings liberally and hold their submissions to a less stringent standard than formal pleadings drafted by lawyers.[7] This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[8] No special legal training is required to recount facts surrounding an alleged injury, and pro se litigants must allege sufficient facts, on which a recognized legal claim could be based.[9]

Pro se plaintiffs "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to [them], should be allowed

---

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[5] *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[6] *Id.* at 1110.

[7] *Id.*

[8] *Id.*

[9] *Id.*

to amend [their] complaint."[10] Thus, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[11] and the Court should dismiss the claim "only where it is obvious that he cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[12]

Construing the Complaint in accord with these principles, the Court finds that it fails to state a claim for relief. Pursuant to § 1983, Plaintiffs bring a claim against one individual, one state court Judge, and, construing the complaint liberally, appears to be a political organization. Although Plaintiffs use the pre-printed Civil Rights Complaint form available for individuals proceeding pro se, the form is largely blank.[13] The blanks include the spaces provided for pro se litigants to list their causes of action and supporting facts. In response to the question: "Was the defendant acting under the authority or color of state law at the time these claims occurred?" Plaintiffs responded "Possibly?" Thus, Plaintiffs make no allegations that these Defendants took any actions and list no causes of action. Plaintiffs attach two items to their Complaint. The first is a proposed Order that would order "Federal law enforcement officers" to accompany a non-party to a political convention to be held on May 13, 2006, for the purpose of preventing any person from interfering with that non-party's exercise of various rights. The second is two copies of an article from a newspaper that appears to report on an injunction issued by the state court judge defendant. Construing the Complaint liberally, it appears that Plaintiffs seek to challenge

---

[10] *Id*. (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990)).

[11] I*d.* at 1110 n. 3.

[12] *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

[13] Docket No. 3, Complaint.

an injunction issued by a state court against a non–party.  This does not state a claim for a violation of the Plaintiffs' constitutional rights.

In order to state a claim under § 1983 a plaintiff must allege '(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State."[14]  It is not necessary that Plaintiffs accurately cite or even formally identify the constitutional right at issue, so long as their factual allegations can be reasonably read to state a valid claim.[15]

In this case, Plaintiffs do not allege the violation of any of their own constitutional rights.  Plaintiffs have no standing to assert any violation of a constitutional right of any other individuals.[16]  Among other reasons, pro se parties may only represent themselves, not other individuals or entities.  Further, it appears that any complaint Plaintiffs sought to bring regarding a convention to be held in May 2006, is moot at this time.

Based upon the foregoing it is

---

[14] *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (quoting *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)).

[15] *Lattimore v. RKK Enters., Inc.*, 91 F.3d 159 (10th Cir. 1996) (citing *Hall*, 935 F.2d at 1110.

[16] See 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally") (emphasis added).

ORDERED that pursuant to 28 U.S.C. § 1915, the Complaint is DISMISSED for the failure to state a claim.   The clerk of court is directed to close this case.

DATED  September 21, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge